THE CAVANAGH LAW FIRM
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

William M. Demlong, Esq. SBN 012458
wdemlong@cavanaghlaw.com
Phillip E. Lapointe, Esq. SBN 035559
plapointe@cavanaghlaw.com

Attorneys for Defendant The Northwestern
 Mutual Insurance Company

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Soriano, a married person,<br><br>    Plaintiff,<br><br>v.<br><br>The Northwestern Mutual Life Insurance Company, a Wisconsin Corporation,<br><br>    Defendant. | **NO.**<br><br>**NOTICE OF REMOVAL** |

    Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and LRCiv 3.6, The Northwestern Mutual Life Insurance Company ("Defendant"), by and through undersigned counsel, notices the removal of Maricopa County Superior Court case number CV2023-012222 to the United States District Court for the District of Arizona. In support thereof Defendant states as follows:

    1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332, and this action may be removed pursuant to 28 U.S.C. § 1441(b), because it is a civil action between parties with complete diversity of citizenship and Plaintiff seeks damages which exceed the jurisdictional minimum of $75,000, exclusive of interest and costs.

2. Venue is proper in the District of Arizona pursuant to 28 U.S.C. §1391(a) and §1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred therein.

3. Steven Soriano ("Plaintiff") commenced a civil action seeking to recover money damages and is now pending in the Maricopa County Superior Court in case number CV2023-012222 ("State Action").

4. Plaintiff filed his complaint in the State Action on August 11, 2023. A true and accurate copy of the complaint in the State Action is attached hereto as "Exhibit A."

5. A true and accurate copy of the Coversheet is attached as "Exhibit B." A true and accurate copy of the Certificate of Arbitration is attached hereto as "Exhibit C." A true and accurate copy of the summons, is attached hereto as "Exhibit D." A true and accurate copy of the Acceptance of Service is attached as "Exhibit E." A true and accurate copy of the most recent state court docket is attached as "Exhibit F."

6. Pursuant to L.R. 3.6(b), Defendant certifies that Exhibits "A" through "F" are true and correct copies of all documents filed in the State Action.[1]

7. Upon information and belief, at all material times in this lawsuit, Plaintiff resided in Maricopa County in Arizona. Ex. A ¶ 1.

8. Upon information and belief, at all material times in this lawsuit, Plaintiff was and is a citizen of the State of Arizona. *Id.*

9. Defendant is a Wisconsin company with its principal place of business in Wisconsin and is a citizen of Wisconsin.

10. In the State Action, Plaintiff seeks to recover damages related to Defendant's coverage position regarding two disability-insurance policies and three life-insurance policies. *See* Ex. A ¶¶ 6–9, 30.

---

[1] Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant will file its answer within seven days of the filing of this notice of and petition for removal.

11. Plaintiff certified the State Action as a Tier 2 case under Arizona Rule of Civil Procedure 26.2 *Id.* at 1. Under Rule 26.2, Tier 2 cases are "[a]ctions claiming more than $50,000 and less than $300,000 in damages." *See* Ariz. R. Civ. P. 26.2(e). For purposes of determining the correct tier, the amount of damages that may be considered includes "all monetary damages . . . but excludes claims for punitive damages, interest, attorney's fees . . . , and costs." *Id.*

12. Plaintiff has certified the case is not subject to compulsory arbitration, meaning that Plaintiff views the case as having a value in excess of $50,000.00, excluding interest and costs. *See* Ex. C. *See also Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 576–78 (D. Ariz. 2003) (holding a certificate regarding compulsory arbitration is a concession of the claimed value of a case for purposes of determining whether the jurisdictional minimum has been satisfied).

13. The amount in controversy exceeds this Court's jurisdiction minimum because Plaintiff asserts that he is entitled to benefits under one disability policy at $7,788 per month since the 91st day following the date of his alleged disability on December 27, 2019. He also asserts entitlement to benefits under the four additional policies. *See* Ex. A ¶¶ 6–9, 19, 22–24, 30. Past monthly benefits sought in this litigation ($7,788 per month for more than three years) alone exceed the $75,000 jurisdictional limit.

14. There are no other named defendants in this matter, so no additional consent is necessary. *See* 28 U.S.C. § 1446(b)(2)(A).

15. This notice of removal is filed within the appropriate time allowed by the rules of this Court. *See* 28 U.S.C. § 1446(b)(1) and (b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322 (1999) (A defendant is "required to take action" as a defendant—that is, bound by the thirty-day limit on removal—"only upon service of a

summons or other authority-asserting measure stating the time within which the party served must appear and defend.")

16. Pursuant to LRCiv 3.6(a), Notification of Filing Notice of Removal in Federal Court (copy attached hereto as "Exhibit G") has been filed in the Arizona Superior Court, Maricopa County, Arizona, on behalf of Defendant.

WHEREFORE, Defendant requests that the State Action pending in the Superior Court of Maricopa County be removed from that Court to the United States District Court in and for the District of Arizona.

Respectfully Submitted this 22nd day of September, 2023.

**THE CAVANAGH LAW FIRM, P.A.**

By:    s/ William M. Demlong
William M. Demlong
Phillip E. Lapointe
1850 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of September, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and electronic copy to the following party:

Scott E. Davis, Esq.
SCOTT E. DAVIS, P.C.
24654 N. Lake Pleasant Pkwy
Suite 103-467
Peoria, AZ 85383
davis@scottdavispc.com
Attorneys for Plaintiff

   s/L. Gilroy